LEVIN USILTON,
vs.                            } JULY TERM, 1852.
JOHN FRANCIS USILTON ET AL.

[CONSTRUCTION OF WILLS—LIMITATION OVER OF PERSONALTY.]

A testator, after bequeathing certain pecuniary legacies to his four daughters, directed that his son *John* was "to hold the farm and have sufficient time to pay off the legacies," and then gave a pecuniary legacy to another son, *Joseph.* HELD—that all these legacies, including that to *Joseph*, are charges upon the real estate devised to *John*, and are to be paid, *pari passu*, out of the proceeds of the sale thereof.

A testator bequeathed to his daughter the sum of two hundred and fifty dollars and two negro slaves, "and in case of her death, without issue, the property to go to her sisters." HELD—that the limitation over is void as to the two hundred and fifty dollars, being after an indefinite failure of issue.

The mere circumstance that the limitation over is to a person *in esse* will not of itself be sufficient, even as regards bequests of personalty, to restrict the words "dying without issue," to mean a dying without issue at the death of the first legatee.

Where the limitation over after a bequest of personalty is if the first legatee dies without "*leaving*" issue, the word "*leaving*" restricts the limitation over to a definite failure of issue.

---

[*Francis Usilton*, by his will, executed on the 5th of February, 1850, devised and bequeathed as follows: "*Item*—I give and bequeath unto my daughter *Francis Philena Reed*, wife of *Geo. R. Reed*, the sum of five dollars."

"*Item*—I give and bequeath unto my daughter *Susan A. Usilton*, the sum of two hundred and fifty dollars, one negro boy named *Sam*, and one negro girl named *Maria*, and in case

of her death without issue, the property to go to her sisters, *Mary E. Usilton* and *Ann R. Usilton*.

"*Item*, I give and bequeath unto my daughter, *Ann R. Usilton*, the sum of four hundred dollars, and one negro girl named *Hester*, and in case she dies without leaving issue, the property to go to *Mary E. Usilton*.

"*Item*, I give and bequeath unto my daughter, *Mary E. Usilton*, the sum of six hundred dollars and one negro girl named *Ellen*, and in case she dies without leaving issue, the property to go to *Ann R. Usilton*.

"*Item*, I give and bequeath unto my son, *John Francis Usilton*, the sum of one thousand dollars, and one negro man named *Jack*, and one boy named *Cuff*, one negro woman named *Hannah*, and one negro woman named *Sal* or *Sally*, and one silver watch, an old man named *Ned* he is to support and take care of, and is to hold the farm, and have sufficient time to pay off the legacies, and in case he dies without leaving issue, the property to go to *Joseph L. Usilton*, his brothers and sisters to have a home free of charge with him.

"*Item*, I give and bequeath unto my son, *Joseph L. Usilton*, the sum of five hundred dollars, and one negro boy named *Ben*, or *Hezekiah*, one negro girl named *Margaret*, and any other property belonging to me not herein named, and in case of his death without leaving issue, the above property to go to *John Francis Usilton*."

This will came before the Chancellor for construction in this case, upon a bill filed by *Lewin Usilton*, as guardian and *prochein amy* of *John Francis Usilton*, asking for a sale of the land devised by the will for payment of the legacies that might be charged thereon, &c.]

THE CHANCELLOR:

Upon reading the will of Francis Usilton, I am of opinion that all the pecuniary legacies, including that to Joseph L. Usilton, are charged upon the real estate devised to John Francis Usilton, and are to be paid, *pari passu*, out of the proceeds of the sales.

I am also of opinion that the limitation over of the two hundred and fifty dollar legacy bequeathed to Susan A. Usilton, afterwards Susan A. Taylor, is void, being after an indefinite failure of issue. The courts, it is true, incline, in respect to dispositions of personal property, to support the limitation over, and for that purpose avail themselves of slight circumstances or expressions in the will indicative of the intention of the testator; but it is believed to be settled, that even as regards bequests of personal property, the mere. circumstance that the limitation over is to a person *in esse*, will not of itself be sufficient to restrict the words "dying without issue," to mean a dying without issue at the death of the first legatee.

The cases cited and commented on in *Newton* vs. *Griffith*, 1 *H. & G.*, 111, and the views maintained by the Court of Appeals in that case, and in the cases which have followed it, fully sustain this proposition. The case of *Biscoe* vs. *Biscoe*, 6 *G. & J.*, 232, leaves the principle undisturbed, though it was deemed inapplicable there, because the subject of the bequest was a negro man, "*a life in being;*" and the .subsequent case of *Hatton* vs. *Weems*, 12 *G. & J.*, 83, shows a strong indisposition to carry the principle of *Biscoe* vs. *Biscoe* beyond the precise circumstances of that case, which, from the nature of the property, the subject of the bequest rendered it absolutely certain that the limitation over would take effect, if at all, during a life in being.

In the will under consideration, all the pecuniary legacies are limited over, and in the reference to each of them except that to Susan A. the bequest over is to take effect if the first legatee dies without "*leaving* issue," which word "*leaving*," when applied to bequests of personal property, is deemed sufficient to restrict the limitation over to a definite failure of issue. In the bequest to Susan A., the word "*leaving*" is omitted, the words being "in case of her death without issue" the property to go over to her sisters, and this is a circumstance well worth consideration in construing this will. My opinion, then, is, that the limitation over of the bequest to the testator's daughter, Susan A., is void, being too remote, and that it must be given to her surviving husband.